MESINGER BICYCLE SADDLE CO. v. HUMBER et al.

(Circuit Court, S. D. New York. November 19, 1898.)

PATENTS—BICYCLE SADDLES.
The Mesinger design patent, No. 25,423, for a design for a bicycle saddle, differs from prior patents only in the lines shown in the central space or opening in the saddle, and is not infringed by a saddle having a different pattern of such lines.

This is a suit in equity by the Mesinger Bicycle Saddle Company against Humber & Co. for infringement of a patent.

Robert C. Mitchell, for plaintiff.
John C. Dewey, for defendants.

WHEELER, District Judge. This suit is brought for an alleged infringement of design patent No. 25,423, dated April 21, 1896, and granted to Henry Mesinger and Frederick Mesinger, for a design for a bicycle saddle. The specification states that:

"The leading feature of our design consists, in brief, of an outline of general pelecoidal shape, having a centrally disposed opening, whose contour is substantially parallel with said outline. Upon the field inclosed by the outline of the said central opening are displayed lines extending both at right angles and diagonally to each other, said lines being interwoven, as shown.
"The letter a indicates that portion of our design corresponding to the rear end of the saddle, the same being semioval, and, from the extreme ends of said semioval portion, inwardly curved lines, b, b, extend forward, gradually approaching each other, being finally connected by a substantially semicircular line, c, at the pommel end of the saddle design.

Fig. 1.

Fig. 2.

"The side walls of the said design extend upward, and curve inward."

The claim is for "the design for a bicycle saddle substantially as herein shown and described."

The case shows, among other patents for such a design, No. 24,988, dated December 17, 1895, and granted to Charles D. Cutting, the specification of which states:

"The leading feature of the design consists of a forwardly projecting pommel on the median line of the saddle, and a triangular opening at the center of the saddle, conforming generally to the outline of the saddle. At the center, the saddle has an opening, D, generally triangular in shape, the walls of which curve to conform to the general outline of the outer edges of the saddle. The design provides a saddle for bicycles which presents to the eye an ornamental, distinguishing, and characteristic appearance, varying from other designs of saddles in several general respects—First, that it is wider than it is long on the median line, that it has a forwardly projecting pommel, and that it has substantially vertical sides and a rounding top."

The patent in suit gives no proportions to the general pelecoidal shape described, which is similar to that of the Cutting patent; and there is no substantial difference between the designs of these two patents except that in the Cutting design the central opening conforming to the outline of the saddle is left vacant, while in that of the patent in suit, whose contour is substantially parallel with the outline of the saddle, lines extending both at right angles and diagonally are shown, interwoven. The later patentees were only entitled to a patent for this improvement or difference. Railway Co. v. Sayles, 97 U. S. 554. The alleged infringement does not show any such inter-

woven right-angled diagonal lines, but only longitudinal lines, with one or two right-angled lines crossing them at the end of the opening. This display is not that, nor much like'that, of the patented improvement, or difference; and infringement does not appear to be made out. Bill dismissed